BERZON, Circuit Judge,
dissenting:
I disagree with the majority’s conclusion that any attempt by Furman to amend her complaint would be futile. At oral argument, Furman’s counsel stated that, if provided the opportunity, Fuman would amend her complaint by adding claims and particularized facts related to the board’s failure to seek compensation from its directors for damages resulting from employee lawsuits that have been settled or otherwise resolved. Such assertions would cast doubt on the reasonableness of the board’s primary justification for denying Furman’s demand request — i.e., that commencing a public action against the directors could adversely impact pending litigation — and might be sufficient to overcome the business judgment rule. I would therefore hold that the district court erred when it dismissed Furman’s complaint without leave to amend. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir.2003) (“Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment.”).